IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUKE DWAYNE LATSON, (TDCJ-CID #1595322) § § § § Petitioner, § § VS. § § WILLIAM STEPHENS, § § Respondent. § | CIVIL ACTION NO. H-13-0301 |

**MEMORANDUM ON DISMISSAL**

Petitioner Luke Dwayne Latson seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 230th Judicial District Court of Harris County, Texas. Respondent moves for summary judgment on the ground that the petition for writ of habeas corpus is barred by limitations. (Docket Entry No. 6). Respondent also filed copies of the state court record. (Docket Entry No. 7). The petitioner has filed his response. (Docket Entry No. 11).

After careful consideration of the motion, the record, and applicable authorities, the court grants respondent's motion. The reasons are stated below.

**I.  Background**

A jury found Latson guilty of the felony offense of aggravated robbery, habitual offender in Cause Number 1205837. On September 2, 2009, the court sentenced Latson to sixty years imprisonment. The First Court of Appeals of Texas affirmed Latson's conviction on October 28, 2010. Latson did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

Latson filed an application for state habeas corpus relief on July 27, 2011, and the Texas Court of Criminal Appeals denied it without written order on findings of the trial court without a hearing on January 11, 2012. *Ex parte Latson,* Application No. 39,725-03 at cover.

On February 6, 2013, this court received Latson's federal petition. The petition was filed when Latson tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). The court will presume that Latson deposited his federal petition in the prison mail on the date he signed it, which is January 10, 2013. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Latson contends that his conviction is void for the following reasons:

(1) the complaining witness gave inconsistent statements;

(2) there was a conspiracy between the district attorney and trial counsel; and

(3) false evidence was used at his trial.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

## II. The Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Latson's conviction became final when the time for filing a petition for discretionary review expired. The First Court of Appeals affirmed Latson's conviction on October 28, 2010, giving Latson thirty days, or until November 29, 2010, to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Latson did not file a petition for discretionary review. Absent tolling, the one-year limitations period would end on November 29, 2011.

A properly filed application for state post-conviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). The one-year limitations period began on November 29, 2010. Latson waited 241 days, or until July 27, 2011, before filing his state application. The Texas Court of Criminal Appeals denied Latson's application on January 11, 2012. At the time the Texas Court of Criminal Appeals denied Latson's application, 124 days of the one-year limitations period remained. The limitations period ended on May 14, 2012, but Latson waited until January 10, 2013 before filing his federal petition.

Latson does not identify any other grounds for equitable tolling. The record does not disclose any basis to apply equitable tolling. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.)(finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.)(finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999). Latson's delays in filing his state habeas applications mitigate against the application of the tolling doctrine. *Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).

Latson may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). *See United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993)(an inmate's pro se status, illiteracy, deafness, or lack of legal training do not amount to factors external to the inmate that excuse an abuse of the writ); *Saahir v. Collins,* 956 F.2d 115, 118-19 (5th Cir. 1992)(holding that neither prisoner's pro se status nor ignorance of the law constitutes "cause" for failing to include legal claim in prior petition); *see also Worthen v. Kaiser,* 952 F.2d 1266, 1268-68 (10th Cir. 1992)(petitioner's failure to discover the

legal significance of the operative facts does not constitute cause). Proceeding *pro se* is not a "rare and exceptional" circumstance that justifies the equitable tolling of limitations. *Pro se* litigants are the rule, not the exception, in section 2254 suits. *Cf. United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993). Latson's *pro se* status does not present a rare and exceptional circumstance that excuses the delay in filing his federal habeas petition.

Latson does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Latson from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Latson's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Latson's claims relate to the trial that occurred on September 2, 2009. Latson has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Latson's federal petition is untimely. Respondent is entitled to judgment as a matter of law.

## III. Conclusion

Respondent's Motion for Summary Judgment, (Docket Entry No. 6), is GRANTED. Latson's petition for a writ of habeas corpus is DENIED. This case is DISMISSED with prejudice. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Latson has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on Jan 5, 2014

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE